04-CR-00374-PET

Judge Martinez

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**AUG 1 9 2004**

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
           Plaintiff, )
                   v. )
RICHARD W. GIBSON, )
           Defendant. )

NO. CR04-0374 RSM

PLEA AGREEMENT

The United States of America, by and through John McKay, United States

Attorney for the Western District of Washington, and Susan Loitz, Assistant

United States Attorney for said District, and the defendant, RICHARD W. GIBSON, and

his attorney, Paula Deutsch, enter into the following Agreement, pursuant to Federal Rule

of Criminal Procedure 11(c)(1)(C):


    1.    <u>Waiver of Indictment</u>. Defendant, having been advised of the right to be

charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge

brought by the United States Attorney in an Information.


    2.    <u>The Charge</u>. Defendant, having been advised of the right to have this

matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

following charge contained in the Information. By entering this plea of guilty, Defendant

hereby waives all objections to the form of the charging document.

PLEA AGREEMENT/ 1
Richard W. Gibson
CR04-0374 RSM

1         a.     Wrongful Disclosure of Individually Identifiable Health Information,

2    as charged in Count 1, in violation of Title 42, United States Code, Section 1320d-6.

3    Defendant further understands that before entering his plea of guilty, Defendant will be

4    placed under oath.  Any statement given by Defendant under oath may be used by the

5    government in a prosecution for perjury or false statement.

6

7         3.     Elements of the Offense.  The elements of the offense of Wrongful

8    Disclosure of Individually Identifiable Health Information committed with the intent to

9    use the information for personal gain, as charged in Count 1, in violation of Title 42,

10   United States Code, Sections 1320d-6(a)(3) and 1320d-6(b)(3), are as follows:

11        •     First, the Defendant disclosed to another person individually identifiable

12             health information relating to an individual;

13        •     Second, the Defendant made the disclosure knowingly;

14        •     Third, the Defendant made the disclosure for a purpose other than permitted

15             by Title 42 U.S.C., Chapter 7, Subchapter XI, Part C;

16        •     Fourth, the Defendant made the disclosure with the intent to use the

17             individually identifiable health information for personal gain.

18

19        4.     The Penalties.  Defendant understands that the statutory penalties for the

20   offense of Wrongful Disclosure of Individually Identifiable Health Information

21   committed with the intent to use the information for personal gain, as charged in Count 1,

22   are as follows:

23        a.     Imprisonment for up to ten (10) years, a fine of up to Two Hundred

24   and Fifty Thousand dollars ($250,000.00), a period of supervision following release from

25   prison of up to three (3) years,  and a One Hundred dollar ($100.00) penalty assessment.

26   If defendant receives a sentence of probation, the probationary period could be up to five

27   (5) years.  Defendant agrees that the penalty assessment shall be paid at or before the time

28   of sentencing.

PLEA AGREEMENT/ 2
Richard W. Gibson
CR04-0374 RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   Defendant understands that in addition to any term of imprisonment and/or

2   fine that is imposed, the Court may order Defendant to pay restitution to any victim of the

3   offense, as required by law.

4   Defendant agrees that any monetary penalty the Court imposes, including

5   the special assessment, fine, costs or restitution, is due and payable immediately, and

6   further agrees to submit a completed Financial Statement of Debtor form as requested by

7   the United States Attorney's Office.

8   Defendant understands that supervised release is a period of time following

9   imprisonment during which he will be subject to certain restrictions and requirements.

10   Defendant further understands that if supervised release is imposed and he violates one or

11   more of its conditions, he could be returned to prison for all or part of the term of

12   supervised release that was originally imposed.  This could result in Defendant serving a

13   total term of imprisonment greater than the statutory maximum stated above.

14

15   5.     Rights Waived by Pleading Guilty.  Defendant understands that, by

16   pleading guilty, he knowingly and voluntarily waives the following rights:

17   a.     The right to plead not guilty, and to persist in a plea of not guilty;

18   b.     The right to a speedy and public trial before a jury of Defendant's

19   peers;

20   c.     The right to the effective assistance of counsel at trial, including, if

21   Defendant could not afford an attorney, the right to have the Court appoint one for

22   Defendant;

23   d.     The right to be presumed innocent until guilt has been established at

24   trial, beyond a reasonable doubt;

25   e.     The right to confront and cross-examine witnesses against Defendant

26   at trial;

27   f.     The right to compel or subpoena witnesses to appear on Defendant's

28   behalf at trial;

PLEA AGREEMENT/ 3
Richard W. Gibson
CR04-0374 RSM

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1    g.    The right to testify or to remain silent at trial, at which trial such

2  silence could not be used against Defendant;

3    h.    The right to appeal a finding of guilt or any pretrial rulings;

4    i.    The right, to the extent required by law, to have sentencing factors

5  charged in the Information or determined by a jury beyond a reasonable doubt.

6

7    6.    United States Sentencing Guidelines. Defendant understands and

8  acknowledges that, absent applicable intervening law:

9    a.    The United States Sentencing Guidelines, promulgated by the

10 United States Sentencing Commission, are applicable to this case;

11    b.    The Court will determine Defendant's applicable Sentencing

12 Guidelines range at the time of sentencing; and

13    c.    Except as provided in paragraph 10 below, Sentencing, Defendant

14 may not withdraw a guilty plea solely because of the sentence imposed by the Court.

15

16    7.    Ultimate Sentence. Defendant acknowledges that no one has promised or

17 guaranteed what sentence the Court will impose.

18

19    8.    Restitution. Defendant agrees to make restitution to the companies

20 identified and in the amounts identified in the following table, with credit for any

21 amounts already paid:

22

| Company | Amount |
|---|---|
| AT&T Universal Card | $7,180.81 |
| First USA Visa | $1,958.61 |

26

27

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  Defendant shall also agrees to  make restitution to Patient A for expenses he incurred as a

2  result of Defendant's use of his identity, in the amount to be determined by the Court at

3  sentencing.

4      Defendant agrees that restitution shall be due and payable immediately and shall be

5  paid in accordance with a schedule of payments as ordered by the Court.

6

7      9.    Statement of Facts.  The parties agree on the following facts in support of

8  Defendant's guilty plea and sentencing.  Defendant admits he is guilty of the charged

9  offense and expressly waives any right to have these facts determined by a jury beyond a

10  reasonable doubt.

11      A.    In or about early October, 2003, RICHARD W. GIBSON obtained the

12  name, date of birth, and social security number of Patient A.  This demographic

13  information had been previously collected from Patient A by Seattle Cancer Care

14  Alliance, a health care provider in Seattle where Patient A was receiving medical

15  treatment.

16      B.    At the time RICHARD W. GIBSON obtained this information, RICHARD

17  W. GIBSON was an employee of the Seattle Cancer Care Alliance.  RICHARD W.

18  GIBSON obtained the information while he was at the Seattle Cancer Care Alliance

19  facility.

20      C.    At the time RICHARD W. GIBSON obtained this information, he knew

21  that Patient A was a patient of the Seattle Cancer Care Alliance, undergoing treatment for

22  a rare and often fatal form of cancer.  Because of his health condition and the nature of

23  the treatments he was receiving, Patient A was a vulnerable victim within the meaning of

24  Section 3A1.1 of the United States Sentencing Guidelines.

25      D.    The name, date of birth and social security number of Patient A constituted

26  individually identifiable health information as that term is defined in Title 42, United

27  States Code, Section 1320d(6), and as that term is used in Title 42, United States Code,

28  Section 1320d-6.

PLEA AGREEMENT/ 5
Richard W. Gibson
CR04-0374 RSM

1    E.    On or about the dates identified below, and within the Western District of

2    Washington, RICHARD W. GIBSON disclosed by telephone and used the name, date of

3    birth and social security number of Patient A to the companies identified below for the

4    purpose of obtaining credit cards in Patient A's name.

| Approximate Date of Disclosure | Company |
| --- | --- |
| October 17, 2003 | AT&T Universal Card |
| November 28, 2003 | First USA Visa |
| November 11, 2003 | Chase Manhattan Bank |
| January, 2004 | Fleet Credit Card Services |

10    F.    Upon obtaining the credit cards in Patient A's name, RICHARD W.

11    GIBSON used certain of those credit cards to obtain cash advances and to purchase

12    various items, including video games, home improvement supplies, apparel, jewelry,

13    porcelain figurines, groceries and gasoline.   The total value of the debt RICHARD W.

14    GIBSON incurred in the name of Patient A was $9,139.42.

16    10.    Sentencing.

17    Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the

18    parties acknowledge and agree that the appropriate sentence to be imposed by the Court at

19    the time of sentencing should be a Zone C sentence within the range of 10 to 16 months.

20    If the sentencing court rejects the agreement of the parties and seeks to impose a sentence

21    outside the agreed upon sentencing range, both the defendant and the United States

22    reserve the right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the

23    Federal Rules of Criminal Procedure and to proceed to trial.   No other agreement has

24    been made with regard to the imposition of the sentence in this matter, and the parties

25    understand that the Court retains full discretion to impose a sentence within the range

26    agreed to above.   Further, the parties understand that the Court retains full discretion with

27    regard to the imposition of a term of supervised release, the conditions of supervised

28    release, fines, forfeiture or restitution as may be applicable.

PLEA AGREEMENT/ 6
Richard W. Gibson
CR04-0374 RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    11.   Non-Prosecution of Additional Offenses.  As part of this Plea Agreement,

2  the United States Attorney's Office for the Western District of Washington agrees not to

3  prosecute Defendant for any additional offenses known to it as of the time of this

4  Agreement that are based upon evidence in its possession at this time, or that arise out of

5  the conduct giving rise to this investigation.  In this regard, Defendant recognizes that the

6  United States has agreed not to prosecute all of the criminal charges that the evidence

7  establishes were committed by Defendant solely because of the promises made by

8  Defendant in this Agreement.  Defendant acknowledges and agrees, however, that for

9  purposes of preparing the Presentence Report, the United States Attorney's Office will

10  provide the United States Probation Office with evidence of all relevant conduct

11  committed by Defendant.

12

13    12.   Voluntariness of Plea.  Defendant acknowledges that he has entered into

14  this Plea Agreement freely and voluntarily, and that no threats or promises, other than the

15  promises contained in this Plea Agreement, were made to induce Defendant to enter this

16  plea of guilty.

17

18    13.   Statute of Limitations.  In the event that this Agreement is not accepted by

19  the Court for any reason, or Defendant has breached any of the terms of this Plea

20  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

21  the Plea Agreement to:  (1) 30 days following the date of non-acceptance of the Plea

22  Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea

23  Agreement by Defendant is discovered by the United States Attorney's Office.

24

25    14.   Post-Plea Conduct.  Defendant understands that the terms of this Plea

26  Agreement apply only to conduct that occurred prior to the execution of this Agreement.

27  If, after the date of this Agreement, Defendant should engage in illegal conduct, or

28  conduct that is in violation of his/her conditions of release (examples of which include,

PLEA AGREEMENT/ 7
Richard W. Gibson
CR04-0374 RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   but are not limited to: obstruction of justice, failure to appear for a court proceeding,

2   criminal conduct while pending sentencing, and false statements to law enforcement

3   agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free

4   under this Agreement to seek a sentence that takes such conduct into consideration. Such

5   a sentence could include, to the extent the United States Sentencing Guidelines are

6   applicable, a sentencing enhancement or upward departure.

7

8        15.    Completeness of Agreement.  The United States and Defendant

9   acknowledge that these terms constitute the entire Plea Agreement between the parties.

10  This Agreement only binds the United States Attorney's Office for the Western District of

11  Washington.  It does not bind any other United States Attorney's Office or any other

12  office or agency of the United States, or any state or local prosecutor.

13      Dated this _____ day of August , 2004.

14

15

16  _____
    RICHARD W. GIBSON

17  Defendant

18

19  _____
    PAULA DEUTSCH

20  Attorney for Defendant

21

22

23  _____
    FLOYD G. SHORT
    Assistant United States Attorney

24

25

26  _____
    SUSAN LOITZ
    Assistant United States Attorney

27

28

PLEA AGREEMENT/ 8
Richard W. Gibson
CR04-0374 RSM

## INSTRUCTIONS FOR PAYING SPECIAL ASSESSMENTS PRIOR TO SENTENCING

1.  Special Assessments paid prior to sentencing must be paid to the Clerk, United States District Court.

2.  Special Assessments must be paid by a first party, certified, or cashiers check, or a money order. No second party checks will be accepted. No post-dated checks will be accepted.

3.  All checks must be made out in U.S. dollars to "Clerk, U.S. District Court.

4.  All checks or money orders must be accompanied by the attached form entitled, "Plea Agreement Special Assessment Payments." The entire form must be filled out or the Clerk, United States District Court, will not accept the payment.

## PLEA AGREEMENT SPECIAL ASSESSMENT PAYMENT

DATE: _____

FROM: _____

TO:      CLERK, U.S. DISTRICT COURT
         ATTN: INTAKE TEAM

CASE NAME:     U.S. v. Richard W. Gibson _____

CASE DOCKET NUMBER:     _____

DEFENDANT'S NAME:     Richard W. Gibson _____

SINGLE OR MULTIPLE DEFENDANTS:     Single _____

TOTAL SPECIAL ASSESSMENT PER DEFENDANT AS SET FORTH IN THE PLEA AGREEMENT:     $100 _____

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970